UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
NADINE LEVICK, M.D.,

                Plaintiff,

      - against -

MAIMONIDES MEDICAL CENTER,

                Defendant.
------------------------------------------------------X

**ORDER**

08 CV 03814 (NG)

On September 18, 2008, plaintiff Nadine Levick commenced this action against the defendant, Maimonides Medical Center ("Maimonides"), seeking damages under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000-e, et seq., the Administrative Code of the City of New York §§ 8-107, et seq., and 42 U.S.C. § 1983, stemming from alleged discriminatory treatment during her employment at Maimonides. In her Complaint, plaintiff claims that she was subjected to religious and sexual discrimination while employed by the defendant and was then terminated, without cause, when she complained about her treatment to supervisors. (Compl.[1] ¶¶ 21-39). Plaintiff further alleges that the defendant has since interfered with her attempts to obtain new employment. (Id. ¶¶ 40-45).

Now before this Court is the defendant's Motion to Compel Discovery of a settlement agreement from plaintiff's prior lawsuit against Harlem Hospital/Columbia University ("Harlem Hospital"), in which she alleged claims similar to those asserted against the defendant in this case. The defendant claims that the settlement agreement will prove that plaintiff's alleged

---

[1] Citations to "Compl." refer to the plaintiff's Amended Complaint, filed on April 29, 2009. The original Complaint in this case, filed on September 18, 2008, included a claim under 42 U.S.C. § 1983 that was later voluntarily dismissed by the plaintiff.

1

damages are not attributable to the defendant, that she has already been compensated for any injuries alleged in her Complaint, and that the production of the settlement agreement will lead to the discovery of other admissible evidence. (Mot.[2] at 2). The plaintiff responds that the settlement agreement is inadmissible under the Federal Rules of Evidence and is therefore not discoverable. (Ltr.[3] at 1-2). Having considered the arguments of both parties, the Motion to Compel Discovery is granted, contingent upon an <u>in camera</u> review of the settlement agreement by the Court.

## BACKGROUND

Prior to working for the defendant, plaintiff worked for Harlem Hospital from May of 2001 until she was terminated on February 12, 2003. (Ex. B[4] ¶¶ 24, 105). Subsequently, on March 19, 2004, the plaintiff filed a lawsuit against Harlem Hospital in New York Supreme Court, New York County, alleging sexual harassment, racial discrimination, and interference with future employment opportunities. (Id. ¶¶ 8-10). Plaintiff alleged that Harlem Hospital had improperly damaged her reputation in the medical community, denying plaintiff future employment opportunities. (Id.) Plaintiff subsequently settled her lawsuit with Harlem Hospital in 2007. (Mot. at 1).

On May 26, 2004, while her first lawsuit against Harlem Hospital was pending, plaintiff was hired by the defendant, Maimonides, as the Director of Research in the Department of

---

[2] Citations to "Mot." refer to the defendant's Motion to Compel Discovery, filed on March 4, 2011.

[3] Citations to "Ltr." refer to the plaintiff's letter in opposition to the defendant's Motion to Compel, filed on March 18, 2011.

[4] Citations to "Ex. B" refer to the plaintiff's complaint against Harlem Hospital, filed on March 1, 2004, and submitted as Exhibit B to the defendant's Motion to Compel Discovery, filed on March 4, 2011.

Emergency Medicine. (Compl. ¶¶ 16-17). Her initial term of employment covered one year, from 2004-2005, and her contract was subsequently renewed for the year 2005-2006. (Id. ¶¶ 16, 20). The plaintiff alleges that beginning in January of 2005, she was subjected to sexual and religious harassment by her supervisors. (Id. ¶¶ 21-37). Plaintiff asserts that after complaining about this discriminatory treatment, she was terminated on September 22, 2005, in retaliation. (Id. ¶¶ 38-39). On July 19, 2006, plaintiff filed a complaint before the Equal Employment Opportunity Commission ("EEOC"), alleging unlawful discrimination. (Id. ¶ 5). On May 12, 2008, the EEOC found that defendant had "reasonable cause" to support the plaintiff's termination, and her appeals were ultimately denied on August 5, 2008. (Id. ¶¶ 6-8). Following her receipt of a Right to Sue letter from the EEOC on September 11, 2008, the plaintiff filed this lawsuit on September 18, 2008. (Id. ¶ 9).

On March 9, 2009, the defendant answered plaintiff's Complaint, denying the allegations contained therein. Plaintiff later filed an Amended Complaint, on April 29, 2009, voluntarily dismissing her claims under 42 U.S.C. § 1983. Defendant has since repeatedly requested discovery regarding the settlement agreement between the plaintiff and Harlem Hospital, which plaintiff has refused to produce. (Mot. at 2). In addition, during her December 1, 2010 deposition, plaintiff refused to answer any questions concerning the settlement. (Id.) On March 4, 2011, the defendant filed the current Motion to Compel Discovery of the actual settlement agreement, to which plaintiff objected on March 18, 2011.

DISCUSSION

A. Legal Standard

The Federal Rules of Civil Procedure grant parties in lawsuits broad rights to discovery. Fed. R. Civ. P. 26(b). Parties are entitled to discovery for any "nonprivileged matter that is

3

relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Discoverable materials "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Materials that are inadmissible under the Federal Rules of Evidence may be discoverable if a "minimal showing of relevance" is made. Rates Tech., Inc. v. Cablevision Sys. Corp., No. 05 CV 3583, 2006 WL 3050879, at *3 (E.D.N.Y. Oct. 20, 2006).

As noted by plaintiff, evidence regarding settlement agreements is often excluded at trial under Rule 403 of the Federal Rules of Evidence[5] because of "the danger of unfair prejudice and misleading the jury." Sweeten v. Layson's Home Improvements, Inc., No. 04 CV 2771, 2007 WL 1189359, at *3 (M.D. Pa. Apr. 19, 2007). Under Rule 408 of the Federal Rules of Evidence, settlement agreements are also generally held to be inadmissible at trial. Rates Tech., Inc. v. Cablevision Sys. Corp., 2006 WL 3050879, at *1-3. However, a settlement agreement may nonetheless be subject to discovery if it meets the standard of relevance required for discovery, as set by Rule 26(b) of the Federal Rules of Civil Procedure. Id. at *3; see also Valiante v. VCA Animal Hospitals, Inc., No. 09 CV 2115, 2011 WL 219672, at *2 (D. Conn. Jan. 20, 2011) (holding that "[w]hile Rule 408 of the Federal Rules of Evidence limits the introduction at trial of evidence regarding settlement negotiations, it only applies to the admissibility of evidence at trial, not to discovery") (internal citations omitted); Conopco, Inc. v. Wein, No. 05 CV 9899, 2007 WL 1040676, at *5 (S.D.N.Y. Apr. 4, 2007); In re Initial Public Offering Sec. Litig., No. 21 MC 92, 2004 WL 60290, at *4 (S.D.N.Y. Jan. 12, 2004) (noting that "[b]ecause the standards

---

[5]Rule 403 reads in full as follows:
    Although relevant, evidence may be excluded if its probative value
    is substantially outweighed by the danger of unfair prejudice,
    confusion of the issues, or misleading the jury, or by
    considerations of undue delay, waste of time, or needless
    presentation of cumulative evidence.
Fed. R. Evid. 403.

of relevance are different [] Rule 408 does not bar discovery of offers of settlement under Rule 26, so long as the settlement material may reasonably lead to the discovery of admissible evidence"); Burda Media, Inc. v. Blumenberg, No. 97 CV 7167, 1999 WL 413469, at *3-6 (S.D.N.Y. June 21, 1999). Inadmissibility under Rule 408 does not create any privilege against discovery for settlement agreements. Salgado v. Club Quarters, Inc., No. 96 CV 0383, 1997 WL 269509, at *1 (S.D.N.Y. May 20, 1997) (noting that "no privilege attaches to settlement agreements"). In fact, many "[c]ourts have found that, while limiting the introduction at trial of evidence regarding settlement negotiations, Rule 408 does not apply to discovery requests." New York v. Oneida Indian Nation of New York, No. 95 CV 554, 2007 WL 2287878, at *13 (N.D.N.Y. Aug. 7, 2007); see also In re Initial Public Offering Sec. Litig., 2004 WL 60290, at *3-4.

To be entitled to discovery of a settlement agreement, the party seeking disclosure of the agreement must simply make a minimal showing that its production is likely to lead to the discovery of other relevant evidence. Rates Tech. v. Cablevision Sys. Corp., 2006 WL 3050879, at *3; Salgado v. Club Quarters, Inc., 1997 WL 269509, at *1. Furthermore, confidentiality provisions in an agreement cannot be used to shield a settlement agreement from discovery. Griffin v. Mashariki, No. 96 CV 6400, 1997 WL 756914, at *2 (S.D.N.Y. Dec. 8, 1997) (citing Magnaleasing, Inc. v. Staten Island Mall, 76 F.R.D. 559, 562 (S.D.N.Y. 1977)).

However, the right to discovery of a settlement agreement is not absolute. If the required minimal showing of relevance is not made, discovery is not appropriate. Valiante v. VCA Animal Hospitals, Inc., 2011 WL 219672, at *2 (after reviewing the settlement agreement in camera, the Court denied production, finding that production of the agreement was not likely to lead to admissible evidence); Salgado v. Club Quarters, Inc., 1997 WL 269509, at *1 (finding

that there was no showing that the settlement agreement was relevant and therefore holding that "there is no reason to permit its disclosure at this time").

B. Analysis

In this case, defendant seeks discovery of a settlement agreement between plaintiff and Harlem Hospital that resolved a dispute with claims that are nearly identical to the ones raised in the present case. The defendant contends that discovery of the settlement agreement with Harlem Hospital will lead to the discovery of admissible evidence relating to the issue of damages. More specifically, defendant argues that the terms of the agreement may be used to prove that certain damages the plaintiff asserts against the defendant can be attributed to plaintiff's earlier case. (Mot. at 2). Plaintiff opposes discovery on the grounds that: 1) the agreement is inadmissible under Rules 403 and 408 of the Federal Rules of Evidence; and 2) the damages covered by the settlement agreement are not relevant to the present case because the two lawsuits cover different time periods. (Ltr. at 1-2).

The plaintiff's first argument applies the incorrect standard to disputes over discovery. While Rules 403 and 408 may limit the admissibility of the settlement agreement at trial, this does not determine its discoverability. Rates Tech. v. Cablevision Sys. Corp., 2006 WL 3050879, at *3; Conopco, Inc. v. Wein, 2007 WL 1040676, at *5; (quoting Burda Media, Inc. v. Blumenberg, 1999 WL 413469, at *3). Both rules are silent on the issue of discovery. Instead, as noted, whether a document is subject to discovery is governed by Rule 26(b), which sets the substantially lower standard of relevance; just because something may not be admissible under the Federal Rules of Evidence does not mean that it is not discoverable. Under Rule 26(b)(1), admissibility does not determine the discoverability of documentary evidence.

Plaintiff's second argument also fails because it does not sufficiently address the defendant's argument that the settlement agreement may show "the extent (if any) to which Plaintiff's alleged damages in the present matter are attributable [to] the [defendant] and/or to Harlem Hospital and to what extent Plaintiff has already been compensated for said alleged damages." (Mot. at 2). Plaintiff claims that because she was employed by the defendant Maimonides during a different time period than she was employed at Harlem Hospital, the damages are distinct and do not overlap. (Ltr. at 1-2). However, because the settlement agreement with Harlem Hospital was reached in 2007, and the plaintiff's termination from Maimonides occurred in 2005, any lost employment opportunities or emotional distress damages covered by the settlement agreement with Harlem Hospital overlaps with the time period at issue in the present case, making it entirely possible that the settlement with Harlem Hospital included compensation for some of the same damages that the plaintiff alleges against Maimonides.

Given that plaintiff has alleged that the defendant here engaged in the same type of conduct and cost plaintiff the same employment opportunities as plaintiff alleged in her earlier lawsuit against Harlem Hospital, discovery of the settlement agreement may establish which of plaintiff's alleged injuries are attributable to the defendant and which are attributable to Harlem Hospital. (Mot. at 2). Identifying an alternate source of the plaintiff's injury falls within the standard of relevance set by Rule 26(b)(1) necessary to compel discovery.

If the settlement agreement contains information tending to show that the plaintiff's alleged injuries here may be attributed to the conduct of Harlem Hospital, then the agreement is relevant and subject to disclosure. However, if no such information is contained in the agreement, then it is unlikely to lead to any further discovery of relevant evidence and may therefore be withheld. In the absence of an inspection of the settlement agreement and its terms, the Court is unable to determine whether the agreement contains any information that allows for

a determination of the issue raised by defendant – namely, whether the prior settlement covered any of the same damages alleged in the present case. Some courts have found that where there is an issue of relevance raised, in camera inspection is an appropriate way to ascertain whether or not a settlement agreement should be produced. Valiante v. VCA Animal Hospitals, Inc., 2011 WL 219672, at *2; Magnaleasing, Inc. v. Staten Island Mall, 76 F.R.D. 559.

Accordingly, plaintiff is ORDERED to submit a copy of the settlement agreement to the Court for in camera inspection by **May 13, 2011**, so that the Court can determine whether it is relevant and therefore discoverable.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
       May 2, 2011

/s/ Cheryl Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York